# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALL-MAGNER GROUP, | CASE NO. 11-CV-312 JLS (POR) |
| Plaintiff, | **ORDER: GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| vs. | |
| DARRYL FIRSTEN, et al., | |
| Defendant. | |

Presently before the Court is Defendant's motion to dismiss for lack of personal jurisdiction. (ECF No. 6.) Also before the Court are Plaintiff's opposition (ECF No. 9) and Defendant's reply (ECF No. 10). Having fully considered the parties' arguments and the law, the Court **GRANTS** Defendant's motion to dismiss for lack of personal jurisdiction.

## BACKGROUND[1]

Plaintiff Hall-Magner Group has been doing business as "Commencement Flowers" since 1988. Plaintiff provides flowers for university graduations, and has used the name and mark throughout the United States, including in California, since 1988. On November 9, 2010, Plaintiff

//

---

[1] The facts from the Background section are taken from the Plaintiff's Complaint (ECF No. 1) unless otherwise indicated.

registered the mark "Commencement Flowers" with the United States Patent and Trademark office. Plaintiff claims the Commencement Flowers mark has acquired a secondary meaning.

Defendant Darryl Firsten, a Canadian citizen and resident, operates two websites that sell flowers for graduations.[2] Plaintiff alleges Defendant has used the mark Commencement Flowers in printed advertising, e-mail communications, marketing literature passed out at commencements, and in direct communication with schools and universities that comprise Plaintiff's market.

Plaintiff alleges it discovered Defendant was operating a retail service business in which they sold flower products using the mark Commencement Flowers and under the trade name Commencement Flowers on or around November 22, 2010. Plaintiff discovered this as a result of a search on the Internet. Plaintiff's attorney requested Defendant cease and desist using the infringing mark and trade name on November 24, 2010, but Defendant has not complied.

Plaintiff brings six causes of action, three for trademark infringement under the Lanham Act, and three related causes of action under California law. Plaintiff seeks an injunction as well as damages for these violations.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows district courts to dismiss an action for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Dole Food Co. Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "The court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Data Disc, Inc. v. Sys. Tech. Ass'n, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). "When a district court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand a motion to dismiss." *Id.* (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)); see also *Data Disc*, 557 F.2d at 1285 ("[I]t is necessary only for [the plaintiff] to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.").

//

---

[2] These domain names are www.convocationflowers.ca and www.commencementflowers.com.

1  "Unless directly contravened, [Plaintiff's] version of the facts is taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citing *Unocal Corp.*, 248 F.3d at 922); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [Plaintiff]'s version of events for purposes of this appeal."). However, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Alexander v. Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) (internal quotations omitted).

California's long-arm jurisdictional statute permits the exercise of personal jurisdiction so long as it comports with federal due process. See Cal. Civ. Proc. Code § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Fred Martin Motor*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)).

Under the minimum contacts test, jurisdiction can be either "specific" or "general." *Doe*, 248 F.3d at 923. "Specific jurisdiction exists 'where the cause of action arises out of or has substantial connection to the defendant's contact with the forum.'" *ChemRisk v. Chappel*, 2011 WL 1807436, at *3 (N.D. Cal. May 12, 2011) (quoting *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).) "[G]eneral jurisdiction depends on the defendant's 'substantial, continuous and systematic' contacts with the forum, 'even if the suit concerns matters not arising out of his contacts with the forum.'" *Id.*

**ANALYSIS**

Defendant asserts that this Court has no basis for personal jurisdiction over him, as he is a citizen and resident of Canada with no contacts in this forum. (Def.'s Mem. ISO Motion 1, ECF No. 6.) Defendant argues he should never have been named personally in this action, as Plaintiff's complaint is directed at the alleged activities of Commencement Flowers, Inc., a New Jersey

corporation. (*Id.* at 2.) Plaintiff counters that Commencement Flowers is an alter ego of Defendant, and that as Commencement Flowers he has "maintained significant minimum contacts in California, especially in Christian Colleges, including but not limited to Concordia University." (Pl.'s Opp'n 1.) Although Defendant states Darryl Firsten was incorrectly named as an individual, he also argues the corporation lacks the minimum contacts with this forum necessary for personal jurisdiction to exist. (*Id.*)

**1.     Fiduciary Shield Doctrine**

Defendant first contends he is not the right party to this dispute, as Plaintiff's allegations should be aimed at the corporation Commencement Flowers. In order to determine if the Court may exercise personal jurisdiction over Defendant Darryl Firsten for actions of the corporation Commencement Flowers, the Court must determine if the fiduciary shield doctrine applies here.

"The fiduciary field doctrine provides that 'a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over that person." *Fasugbe v. Willms*, 2011 WL 2119128, at *3 (E.D. Cal. May 26, 2011) (quoting *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989)). Thus, "[t]he mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and other employees are suable locally as well." *Colt Studio Inc. v Badpuppy Entr.*, 75 F. Supp.2d 1104, 1111 (C.D. Cal. 1999). "For jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals." *Id.* at 1111. There are two circumstances where a court may disregard the corporate shield: (1) where the corporation is the agent or alter ego of the individual defendant; or (2) by virtue of the individual's control of and direct participation in the alleged activities. *Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004).

Plaintiff alleges the Court should disregard the corporate shield here and exercise personal jurisdiction over the Defendant because Commencement Flowers is Defendant's alter ego. (Pl.'s Opp'n 1.) "The alter ego doctrine prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud

or other misdeeds." *Sonora Diamond Corp. v. Superior Court*, 99 Cal. Rptr. 2d 824, 836 (2000). A plaintiff seeking to hold an individual defendant liable under the alter ego theory must meet two conditions: (1) that there is such unity of interest and ownership that the separate personalities of the corporation and the individual . . . no longer exist; and (2) that failure to disregard the corporation would result in fraud or injustice." *KEMA, Inc. v. Koperwhats*, 2010 WL 3464737, at * 8 (N.D. Cal. Sept. 1, 2010).  Factors to be considered include: the commingling of funds and other assets; observation of corporate formalities and the segregation of corporate records; use of the same offices and employees; identity of directors and officers; sole ownership of all of the stock in a corporation by one individual or the members of a family; inadequate capitalization; failure to maintain arm's length relationships among the related entities; the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation; and the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in the other. *Associated Vendors, Inc. v. Oakland Meat Co., Inc.*, 26 Cal. Rptr. 806 (1962). No single factor is determinative, so a court must consider all the facts and circumstances. *Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc.*, 121 Cal. Rptr. 2d 1, 13 (2002).  "Moreover, even if the unity of interest and ownership element is shown, alter ego will not be applied absent evidence that an injustice would result from the recognition of separate corporate identities, and '[d]ifficulty in enforcing a judgment or collecting a debt does not satisfy this standard.'"  *Id.* (quoting *Sonora Diamond Corp.*, 99 Cal. Rptr. 2d at 837.)

Here, even when the Court takes all of Plaintiff's evidence as true for purposes of this motion, Plaintiff has not successfully demonstrated Commencement Flowers is Defendant's alter ego. Plaintiff alleges Commencement Flowers has not followed required corporation procedures, having "never paid New Jersey State or Federal taxes, never initiated or completed any officer's meetings, never held any director's meetings, never sold any of its 1000 shares of stock, never kept minutes of any meeting, never kept any financial records of corporation operations and did not file required Annual Reports for the years 2007, 2008, 2009, and 2010 until November 2010." (*Id.*)  Plaintiff also provides an affidavit of an individual who was advised by the New Jersey Business Department Portion that "there was nothing in the Commencement Flowers, Inc. file except the suspension made and the '11th hour'

filling of the annual reports." (*Id.*) Plaintiff further attempts to support the alter ego theory by stating Defendant was served at his Canadian home, and "defendant's corporations and web site registrations all have Canadian addresses." (*Id.*) Finally, Plaintiff alleges a private investigator "found no evidence of business activity" at Commencement Flowers's address in New Jersey. (*Id.*)

Based on the record before it, the Court cannot conclude that "that there is such unity of interest and ownership that the separate personalities of the corporation and the individual . . . no longer exist." *KEMA, Inc.*, 2010 WL 3464737, at * 8. Much of Plaintiff's proffered evidence is irrelevant to the alter ego inquiry. For example, Plaintiff has not shown how the fact that the Defendant was served at his home in Canada supports its alter ego theory. Plaintiff has provided no evidence of the commingling of funds and other asset, inadequate capitalization, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in the other.

All of Plaintiff's arguments instead go to show that Commencement Flowers failed to observe corporate formalities. However, Plaintiff's own evidence confirms the corporation has filed the requisite annual reports. (Pl.'s Opp'n Ex. 1.) Mere suspension of the corporation from April 16, 2009 until February 9, 2011 is not enough to prove the corporate entity is a sham. The fact that a private investigator visited the address of Commencement Flowers in New Jersey four times between March 26, 2011 and April 1, 2011 and found "no evidence of business activity" similarly fails to convince the Court that the corporation is a mere shell for Defendant's individual activities. In fact, this evidence is consistent with the fact that Commencement Flowers operates a seasonal business and has no retail, walk-in operations. (Def.'s Reply 5; *see also* Second Firsten Decl. ¶ 9.) Nor has Plaintiff provided any evidence or basis of knowledge to support its contention that Commencement Flowers "never paid New Jersey State or Federal taxes, never initiated or completed any officer's meetings, never held any director's meetings, never sold any of its 1000 shares of stock, never kept minutes of any meeting, never kept any financial records of corporation operations." (Pl.'s Opp'n 3.) The mere statement by a state employee that "there was nothing in the Commencement Flowers, Inc. file except the suspension made and the '11th hour' filling of the annual reports" is not sufficient evidence that taxes were never paid nor meetings ever held. Rather, the fact that Plaintiff admits Commencement

Flowers has now been reinstated by the state of New Jersey supports the contrary conclusion that these requirements have been met.

Accordingly, Plaintiff has failed to demonstrate that Commencement Flowers is Defendant's alter ego.  Not only has Plaintiff presented insufficient evidence that there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, but Plaintiff has provided no evidence at all that failure to disregard the corporation would result in fraud or injustice. Therefore, this Court cannot exercise jurisdiction over Defendant unless "his contacts with California in his individual capacity are continuous and systematic, or his contacts with California are such that the Court can exercise specific jurisdiction on an individual basis." *Peak Performance Nutrition v. MediaPower, Inc.*, 2010 WL 2384412, at *5 (C.D. Cal. June 7,2010) (citing *Davis*, 885 F.2d at 521.)

**2.   General Jurisdiction**

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts . . . that approximate physical presence in the forum state."  *Fred Martin Motor*, 374 F.3d at 801 (internal quotation marks omitted) (citations omitted).  Here, Defendant is a Canadian resident who owns no property in California. (*See* Firsten Decl.)  Even if the Court takes Plaintiff's allegations as true that Commencement Flowers appeared and did business at Concordia University in Irvine, California, Plaintiff has not alleged that Defendant himself was present in California during this incident.  (*See* Pl.'s Opp'n 5-6.)  Plaintiff has failed to demonstrate that Defendant, separate from the Commencement Flowers corporate identity, has any contacts in California, much less that they are "systematic" and "approximate physical presence." Therefore, this Court cannot exercise general jurisdiction over Defendant.

**3.   Specific Jurisdiction**

"Specific jurisdiction exists where the cause of action arises out of or has substantial connection to the defendant's contact with the forum." *ChemRisk, LLC v. Chappel*, 2011 U.S. Dist. LEXIS 50997, at *8 (N.D. Cal. May 12, 2011) (internal quotations omitted) (citations omitted).  In analyzing claims of specific jurisdiction, the Ninth Circuit applies a three-prong test:

//

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or related to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Fred Martin Motor*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).  For the first prong, "purposeful direction" and "purposeful availment" are distinct tests, with the former generally applied to tort claims and the latter to contract claims. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Courts have applied the "purposeful direction" standard to cases involving alleged trademark infringement and dilution. *See, e.g.*, *Romanowski v. RNI, LLC*, 2007 WL 323019 at *2 (N.D. Cal. Jan. 31, 2007). Purposeful direction "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at that forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole*, 303 F.3d at 1111.

Plaintiff argues that "by managing and operating its Commencement Flowers business in the forum state, Firsten has purposefully availed himself of the privilege of conducting business in California." (Pl.'s Opp'n 6.) To support this contention, Plaintiff points to the Commencement Flowers website, which apparently is electronically directed at the forum state. (*Id.* at 7.) Although the Court is skeptical of this argument as applied to Commencement Flowers, it is irrelevant as applied to the Defendant in his individual capacity. As discussed above with regard to the fiduciary shield doctrine, Plaintiff must show that the Court has jurisdiction over Defendant in his individual capacity, as the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are not material for purposes of establishing minimum contacts as to the individuals.

The only other evidence Plaintiff offers to support the contention that Defendant purposefully directed his activities to the forum state is the 2008 incident on the campus of Concordia University in Irvine, California. Robert Hall's declaration states that "Firsten's team was present on the campus . . . and they were trying to sell flowers at the University graduation under the name 'Commencement Flowers, Inc.'" (Hall Decl. ¶ 5.) Plaintiff does not present any evidence or basis for knowledge that

1  Defendant Darryl Firsten was himself present on the campus, or that he was the individual who was
2  "detained and ordered by the campus police to leave the campus" as alleged. (Pl.'s Opp'n 8.) Further,
3  even if the Court were able to look to the corporation's actions under an alter ego theory, Plaintiff has
4  also not presented any evidence that the group present at the Concordia University graduation was in
5  any way related to the corporation Commencement Flowers that is implicated in this action. Plaintiff
6  has provided a Commencement Flowers brochure, which lists Concordia University among its
7  references. (Pl.'s Opp'n Ex. 7-2.) However, this list is not evidence that Commencement Flowers was
8  actually present on the campus during the alleged incident, and furthermore Defendant states that the
9  Concordia University referenced in its marketing material is for a different Concordia University
10 located in Quebec, Canada. (Def.'s Reply 6; *see* Second Firsten Decl. ¶ 4.) This claim is plausible,
11 especially given that many of the schools listed on the brochure are Canadian. (*Id.*) Therefore,
12 because the Court finds Plaintiff has not satisfied the first prong of the test, it need not address the
13 second and third prongs. Accordingly, the Court finds the exercise of specific jurisdiction over the
14 individual named Defendant is not proper.

### 4. Request for Limited Jurisdictional Discovery

16    Plaintiff also requests the Court grant limited jurisdictional discovery. (Pl.'s Opp'n 12.) The
17 district court should ordinarily grant jurisdictional discovery where "pertinent facts bearing on the
18 question of jurisdiction are controverted or where a more satisfactory showing of the facts is
19 necessary." *Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977). However,
20 "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare
21 allegations in the face of specific denials made by defendants, the Court need not permit even limited
22 discovery. . . ." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995). Here, the Court
23 finds Plaintiff's claim of personal jurisdiction over the individual Defendant Darryl Firsten does not
24 warrant limited jurisdictional discovery. Plaintiff's claim relies upon an attenuated alter ego theory
25 that the Court has rejected and that Defendant has specifically denied.

26 //
27 //
28 //

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss for lack of personal jurisdiction. The action is dismissed **WITHOUT PREJUDICE**. If Plaintiff wishes, he may file an amended complaint <u>within fourteen days</u> after this order is electronically docketed.

**IT IS SO ORDERED**.

DATED: October 24, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge